UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| Ryan Wisdom and Debby Wisdom,<br><br>                 Plaintiffs,<br><br>vs.<br><br>BNSF Railway Company,<br>a Delaware corporation,<br><br>                 Defendant. | Case No. 1:25-cv-00177 (DLH/CRH)<br><br>**STIPULATION FOR<br>PROTECTIVE ORDER** |

The parties stipulate that the Court may enter the following protective order:

1.     **Definitions**.  As used in this protective order:

    (a)     "attorney" means an attorney who has appeared in this action;

    (b)     "confidential document" means a document designated as confidential under this protective order;

    (c)     to "destroy" electronically stored information means to delete from all databases, applications, and file systems so that the information is not accessible without the use of specialized tools or techniques typically used by a forensic expert;

    (d)     "document" means information disclosed or produced in discovery, including at a deposition;

    (e)     "notice" or "notify" means written notice;

    (f)     "party" means a party to this action; and

    (g)     "protected document" means a document protected by a privilege or the work-product doctrine.

2.     **Designating a Document or Deposition as Confidential**.

    (a)     The parties agree that documents containing proprietary and/or sensitive business or financial information may be designated as confidential by marking documents containing such information "Confidential."  Examples of confidential information include nonpublic business and/or financial records.

    (b)     Deposition testimony may be designated as confidential if it discusses the details of information designated as confidential.

    (c)    If a witness is expected to testify as to confidential video footage, a party or non-party may request that the witness's deposition be taken in the presence of only those persons entitled to receive confidential video footage.

3. **Who May Receive a Confidential Document**.

    (a)    A confidential document may be used only in this action.

    (b)    No person receiving a confidential document may reveal it, except to:

        (1)    the court and its staff;

        (2)    an attorney or an attorney's partner, associate, or staff;

        (3)    a person shown on the face of the confidential document to have authored or received it;

        (4)    a court reporter or videographer retained in connection with this action;

        (5)    a party (subject to paragraph 3(c)); and

        (6)    any person who:

            (A)    is retained to assist a party or attorney with this action; and

            (B)    signs a declaration that contains the person's name, address, employer, and title, and that is in substantially this form:

> I have read, and agree to be bound by, the protective order in the case captioned [case caption and number] in the United States District Court for the District of Minnesota. As soon as my work in connection with that action has ended, but not later than 30 days after the termination of that action (including any appeals), I will return or destroy any confidential document that I received, any copy of or excerpt from a confidential document, and any notes or other document that contains information from a confidential document.
>
> I declare under penalty of perjury that the foregoing is true and correct.

    (c)    A party or non-party may supplement the "confidential" mark (see paragraph 2(b)) with the words "attorney's eyes only," in which case a confidential document so designated may not be revealed to another party.

    (d)    If a confidential document is revealed to someone not entitled to receive it, the parties must make reasonable efforts to retrieve it.

4. **Serving This Protective Order on a Non-Party**. A party serving a subpoena on a non-party must simultaneously serve a copy of this protective order and of Local Rule 5.1(C).

5. **Use of a Confidential Document in Court**.

    (a) Filing. This protective order does not authorize the filing of any document under seal. A confidential document may be filed only in accordance with LR 5.1(C).

    (b) Presentation at a hearing or trial. A party intending to present another party's or a non-party's confidential document at a hearing or trial must promptly notify the other party or the non-party so that the other party or the non-party may seek relief from the court.

6. **Handling a Confidential Document after Termination of Litigation**.

    (a) Within 60 days after the termination of this action (including any appeals), each party must:

    (1) return or destroy all confidential documents; and

    (2) notify the disclosing or producing party or non-party that it has returned or destroyed all confidential documents within the 60-day period.

7. **Inadvertent Disclosure or Production to a Party of a Protected Document**.

    (a) Notice.

    (1) A party or non-party who discovers that it has inadvertently disclosed or produced a protected document must promptly notify the receiving party and describe the basis of the claim of privilege or protection. If the party or non-party provides such notice and description, the privilege or protection is not waived.

    (2) A party who discovers that it may have received an inadvertently disclosed or produced protected document must promptly notify the disclosing or producing party or non-party.

    (b) Handling of Protected Document. A party who is notified or discovers that it may have received a protected document must comply with Fed. R. Civ. P. 26(b)(5)(B).

8. **Security Precautions and Data Breaches**.

    (a) Each party must make reasonable efforts to protect the confidentiality of any confidential document disclosed or produced to that party.

197719740v1

(b) A party who learns of a breach of confidentiality must promptly notify the disclosing or producing party or non-party of the scope and nature of that breach and make reasonable efforts to remedy the breach.

9. **Survival of Obligations.** The obligations imposed by this protective order survive the termination of this action.

Stipulated to:

DATE: January 30, 2026

**BARRETT, EASTERDAY, CUNNINGHAM & ESELGROTH, LLP**

By: */s/ David C. Barrett, Jr.*
 David C. Barrett, Jr.
1255 W Coulee Road
Bismarck, ND 58501
Phone: 701-354-4878
dbarrett@farmlawyers.com

**BARRETT, EASTERDAY, CUNNINGHAM & ESELGROTH, LLP**

By: */s/ G. Eli Earich*
 G. Eli Earich
7259 Sawmill Road
Dublin, OH 43016
Phone: 614-210-1840
gearich@farmlawyers.com

**ATTORNEYS FOR PLAINTIFFS**

**TAFT STETTINIUS & HOLLISTER LLP**

DATED: January 30, 2026

By: */s/ Thomas J. Basting, Jr.*
Thomas J. Basting, Jr. (ND #09163)
2200 IDS Center
80 South Eighth Street
Minneapolis, MN 55402-2157
Telephone: (612) 977-8400
Fax: (612) 977-8650
Email: tbasting@taftlaw.com

**ATTORNEYS FOR DEFENDANT BNSF RAILWAY COMPANY**

197719740v1

**ORDER**

The court **ADOPTS** the Parties' Stipulation for Protective Order in its entirety.

**IT IS SO ORDERED.**

Dated this 2nd day of February, 2026.

*/s/ Clare R. Hochhalter*
Clare R. Hochhalter, Magistrate Judge
United States District Court
